IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO RODRIGUEZ-TORRES,<br><br>Defendant. | CRIMINAL NO.  06-344 (JAG) |

## REPORT AND RECOMMENDATION

Defendant Albert Rodríguez-Torres was charged in Counts One and Two of a three (3) counts Indictment and he agreed to plead guilty to Count One of the Indictment.  Count One charges that, on or about October 25, 2006, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, a person having being previously convicted in court of a crime punishable by a term of imprisonment for a term exceeding one (1) year; did knowingly and unlawfully possess firearms and ammunition, as that term is defined in Title 18, United States Code, Section 921(a)(3) and 921(17)(A), to wit: a Smith & Wesson 9mm caliber pistol, bearing manufacturer's serial number PAY7632, loaded with ten (10) rounds of live ammunition, a Smith & Wesson .357 caliber revolver, bearing manufacturer's serial number BKC7571, loaded with six (6) rounds of live ammunition; a Ruger 9 millimeter caliber pistol, bearing manufacturer's serial number 300-88789, loaded with a twenty six (26) rounds of live ammunition; a Smith & Wesson .357 caliber revolver, bearing manufacturer's serial number 75K4978, loaded with six (6) rounds of live ammunition, which firearms and ammunition had been shipped or transported in interstate or foreign commerce.  All in violation of Title 18, United States Code, Sections 922(g)(1).

Defendant appeared before this Magistrate Judge on May 16, 2007, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel Yasmín Irizarry and Victor González-Bothwell[2], both from the Federal Public Defender's Office, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representatives and had time to discuss with them all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charge therein, his constitutional rights and the consequences of the waiver of same.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] AFPD González is the attorney assigned to this case and AFPD Irizarry substituted him at the change of plea hearing.

United States of America v. Alberto Rodríguez
Criminal No. 06-344(JAG)
Report and Recommendation
Page 3

   Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

   As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Irizarry, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

United States of America v. Alberto Rodríguez
Criminal No. 06-344(JAG)
Report and Recommendation
Page 4

      Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is a term of imprisonment of not more than ten (10) years, and a fine up to two hundred fifty thousand ($250,000.00) dollars. In addition to any term of incarceration, the Court will impose a term of supervised release of not more than three (3) years and a special monetary assessment of one hundred ($100.00) dollars.

      Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement pursuant to Rule 11(c)(1)© FRCP" ("the Agreement") was shown to defendant, verifying his signature and initials on each and every page.

      Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.

      As stated in paragraph three (3) of the Agreement, defendant acknowledges and is aware that parole has been abolished. The defendant is also aware that, pursuant to Federal Rules of Criminal Procedure 11(c)(1)©, the Court may accept or reject the plea agreement, or may defer its decision as to its acceptance or rejection until it has considered the pre-sentence report. If the Court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, and afford the defendant an opportunity to withdraw the guilty plea and advise the defendant that if the defendant persists in a guilty plea, the disposition of the case may be less

<u>United States of America v. Alberto Rodríguez</u>
Criminal No. 06-344(JAG)
Report and Recommendation
Page 5

favorable to the defendant than that contemplated in the plea agreement. In addition, as part of the terms and conditions of this plea agreement, the parties agree that, should the court reject the plea agreement, the United States reserves the right to withdraw from its obligations under the same.

As stated in paragraph six (6) of the Agreement, defendant is aware that his sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The defendant understands and acknowledges that the Court is not a party to this plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report.

The above-captioned parties' estimate and agreement that appears on pages four (4) and five (5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count One, pursuant to U.S.S.G. § 2K2.1(a)(6), the base offense level is Fourteen (14). Pursuant to U.S.S.G. § 2K2.1(b)(1)(A), an increase of two (2) levels is agreed for specific offence characteristics. Pursuant to U.S.S.G. § 3E1.1, a decrease of three(3) levels is agreed for acceptance of

responsibility. Accordingly, the Total Offense Level is Thirteen (13), with a sentencing range of fifteen (15) to twenty-one (21) months of imprisonment assuming a Criminal History Category of II.

As indicated in paragraph seven (7d) of the Agreement, the parties agree to recommend a sentence of eighteen (18) months imprisonment. The sentence recommendation is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and in consideration of Title 18, United States Code, Section 3553.

As indicated in paragraph eight (8) of the Agreement, the United States and the defendant agree that no further adjustments or departures to the defendant's total offense level shall be sought by the parties. The parties agree that any request for a sentence of less than eighteen (18) months would constitute a material breach of the plea agreement.

The parties do not stipulate the defendant's Criminal History Category.

Upon sentencing the United States shall more the court for the dismissal of Count Two of the Indictment.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged

United States of America v. Alberto Rodríguez
Criminal No. 06-344(JAG)
Report and Recommendation
Page 7

the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled Statement of Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[3]

---

[3] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph seventeen (17) a waiver of appeal.

Defendant waived the reading of the Indictment in open court because he is aware of its content. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 06–344 (JAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 06-344 (JAG).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be held on August 17, 2007 at 10:30 a.m., before Honorable Jay A. García-Gregory, District Court Judge.

San Juan, Puerto Rico, this 24th day of May of 2007.

                                         s/ CAMILLE L. VELEZ-RIVE
                                         CAMILLE L. VELEZ-RIVE
                                         UNITED STATES MAGISTRATE JUDGE